UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANTHONY POTENZA, PLAINTIFF<br><br>ATTORNEYS FOR PLAINTIFF:<br>Richard M. Wallace, Northern Dist. No. 301275<br>Guttman & Wallace<br>411 North Tioga Street, Ithaca , New York 14850<br>Telephone 607-272-2102  Telecopy 607-272-2350<br><br>Wiggins, Kopko & Crane, LLP<br>Edward E. Kopko, Northern Dist. No. 510874<br>308 North Tioga St., Ithaca,  New York 14850<br>Telephone 607-272-0479 Telecopy 607-273-0502<br>eek@wigginskopko.com<br>V.<br>DANIEL GONZALES, DEFENDANT | JURY TRIAL DEMANDED<br><br>5:07-CV-00226 |

## COMPLAINT

**INTRODUCTION**

This is an action by Anthony Potenza (Potenza) to recover monetary damages against Daniel Gonzales (Gonzales), a police officer employed by Cornell University, for a deprivation of constitutional rights by arresting and prosecuting Potenza for allegedly violating the Penal Law, § 240.20(1), a section pertaining to disorderly conduct.

**JURISDICTION**

28 U.S.C. § 1331 and 1343(a)(3) & (4) confer jurisdiction upon this Court.  Potenza' claims against Gonzales are predicated upon 42 U.S.C. § 1983, relating to deprivation of rights.

**VENUE**

All of the acts complained of in this complaint occurred in Tompkins County, a county within the Northern District of New York.

**IDENTITY OF THE PARTIES**

1) Potenza is a resident of the County of Tompkins and State of New York.

2) Gonzales was a police officer employed by Cornell University.

1

3) At all times Gonzales was acting in the course and general scope of his employment by Cornell pursuant to the authority given to him by Cornell and pursuant to its instructions and duty assignments.

4) Gonzales is sued in his individual capacity.

**FACTS COMMON TO ALL COUNTS**

5) On January 16, 2004, Potenza was lawfully present in Lynah Rink, an ice-skating rink owned by Cornell University.

6) On January 16, 2004, Gonzales affirmatively instigated or procured the arrest of Potenza for allegedly violating the Penal Law § 240.20(1), relating to disorderly conduct.

7) On January 16, 2004, Gonzales seized, searched, and detained Potenza.

8) On January 16, 2004, Gonzales issued an appearance ticket to Potenza, charging Potenza with violating the Penal Law, 240.20 (1) relating to disorderly conduct.

9) On January 16, 2004, Gonzales filed an accusatory instrument charging Potenza with violating the Penal Law, § 240.20(1), relating to disorderly conduct.

10) As a consequence of the accusatory instrument filed by Gonzales, Potenza was compelled to appear in the Ithaca City Court.

11) On June 3, 2004, the Ithaca City Court entered a Decision and Judgment dismissing the charge filed by Gonzales against Potenza on the grounds of lack of evidence.

COUNT ONE
POTENZA V. GONZALES
SECTION 1983 CLAIM: DEPRIVATION OF 4TH AMENDMENT RIGHT TO BE FREE
FROM UNLAWFUL ARREST AND SEIZURE

SECTION 1983, ELEMENT ONE: GONZALES ACTED UNDER COLOR OF LAW

12) All of the allegations of the complaint are incorporated.

13) By virtue of Gonzales's appointment and employment as a police officer with Cornell, Gonzales is a "police officer" as that term is defined in CPL § 1.20(34)(d).  As a police officer, Gonzales, when arresting Potenza, acted under color of law by using the authority invested in him by virtue of his appointment and by using the arrest procedures, appearance ticket procedures, and preliminary arraignment procedures set forth in CPL § 150.20, which procedures are only available to police officers.

SECTION 1983, ELEMENT TWO: GONZALES'S ACTIONS DEPRIVED POTENZA OF THE FOURTH AMENDMENT RIGHT TO BE FREE FROM UNLAWFUL ARREST AND SEIZURE.

14) Potenza has a clearly established right not to be arrested without probable cause. *See Cook v. Sheldon*, 41 F.3d 73 (2d Cir. 12/02/1994); *Soares v. State of Connecticut*, 8 F.3d 917, 920 (2d Cir. 1993).

15) The right to be free from arrest or prosecution in the absence of probable cause is a long established constitutional right. *Ricciuti v. N.Y.C. Transit Authority*, 124 F.3d 123, 128 (2d Cir. 1997).

16) In order to state a claim for false arrest under the federal constitution, plaintiff must show that he was arrested without probable cause. *Lowth v. Town of Cheektowaga*, 82 F.3d 563, 569 (2d Cir. 1996) (*citing Broughton v. New York*, 37 N.Y.2d 451, 456, 335 N.E. 2d 310, 313, 373 N.Y.S.2d 87, 93 (1975)).

17) A section 1983 claim for false arrest, resting on the Fourth Amendment right of an individual to be free from unreasonable seizures, including arrest without probable cause, is substantially the same as a claim for false arrest under New York law. *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996) (citations omitted).

18) Liability for false arrest gives rise to liability under 42 U.S.C. § 1983. *See Cook v. Sheldon*, 41 F.3d 73, 77-79 (1994).

19) The New York common law tort of false arrest supports a claim against police under section 1983 because it violates the Fourth Amendment. *See Posr v. Doherty*, 944 F.2d 91, 97, 98 (2d Cir. 1991).

FALSE ARREST: ELEMENT ONE: GONZALES INTENDED TO CONFINE POTENZA

20) On January 16, 2004, Gonzales affirmatively instigated or procured the arrest of Potenza for allegedly violating the Penal Law § 240.20(1), relating to disorderly conduct.

21) On January 16, 2004, Gonzales seized, searched, and detained Potenza.

FALSE ARREST: ELEMENT TWO: POTENZA WAS CONSCIOUS OF THE CONFINEMENT

22) POTENZA was conscious of the confinement imposed upon him by Gonzales because Gonzales searched Potenza. Gonzales told Potenza that Potenza could not leave the scene. Gonzales restrained and transported Potenza to the Campus Police Station.

FALSE ARREST: ELEMENT THREE: POTENZA DID NOT CONSENT TO THE CONFINEMENT

23) Potenza never consented to the confinement imposed upon him by Gonzales.

FALSE ARREST: ELEMENT FOUR: THE CONFINEMENT WAS NOT OTHERWISE PRIVILEGED

24) It was objectively unreasonable for Gonzales to believe that his conduct did not violate Potenza's rights because a reasonable police officer in Gonzales's position would understand that his arrest of Potenza was unlawful.

DAMAGES

25) Gonzales violated 42 U.S.C. § 1983 by violating Potenza's constitutional right to be free from unlawful arrest, as guaranteed by the Fourth Amendment of the United States Constitution.

26) Gonzales caused Potenza to incur special damages, including but not limited to past and future attorney fees; past and future loss of income; past and future loss of earning capacity.

27) Gonzales caused Potenza to incur general damages, including but not limited past and future mental and physical pain and suffering.

28) Gonzales acted maliciously and wantonly, with the intent to injure Potenza, in committing the acts described in this complaint, warranting the imposition of punitive damages. Wherefore, Anthony Potenza demands judgment against Daniel Gonzales in an amount in excess of the jurisdictional limitations of this court for mandatory arbitration, plus attorney fees, interest, costs, and punitive damages.

COUNT TWO
POTENZA V. GONZALES
SECTION 1983 CLAIM: DEPRIVATION OF 4TH AMENDMENT RIGHT TO BE FREE FROM UNLAWFUL MALICIOUS PROSECUTION

SECTION 1983, ELEMENT ONE: GONZALES ACTED UNDER COLOR OF LAW

29) All of the allegations of the complaint are incorporated.

30) By virtue of Gonzales's appointment and employment as a police officer with Cornell, Gonzales is a "police officer" as that term is defined in CPL § 1.20(34)(d). As a police officer, Gonzales, when arresting Potenza, acted under color of law by using the authority invested in him by virtue of his appointment and by using the arrest procedures, appearance ticket procedures, and preliminary arraignment procedures set forth in CPL § 150.20, which procedures are only available to police officers.

SECTION 1983, ELEMENT TWO: GONZALES'S ACTIONS DEPRIVED POTENZA OF THE FOURTH AMENDMENT RIGHT TO BE FREE FROM MALICIOUS PROSECUTION.

31) The elements of malicious prosecution under § 1983 are "substantially the same" as the elements under New York law. *Jocks v. Tavernier*, 316 F.3d 128, 134 (2d Cir. 2003); *Hygh v. Jacobs*, 961 F.2d 359, 366 (2d Cir. 1992).

32) Potenza has a clearly established right not to be maliciously prosecuted. *See Cook v. Sheldon*, 41 F.3d 73 (2d Cir. 12/02/1994); *Soares v. State of Connecticut*, 8 F.3d 917, 920 (2d Cir. 1993).

33) The New York common law tort of malicious prosecution supports a claim against police under section 1983 because it violates the Fourth Amendment. *See Posr v. Doherty*, 944 F.2d 91, 97, 98 (2d Cir. 1991).

34) Liability for malicious prosecution gives rise to liability under 42 U.S.C. § 1983. *See Cook v. Sheldon*, 41 F.3d 73, 77-79 (1994).

MALICIOUS PROSECUTION: ELEMENT ONE: GONZALES COMMENCED OR CONTINUED A CRIMINAL PROCEEDING AGAINST POTENZA.

35) On January 16, 2004, Gonzales affirmatively instigated or procured the arrest of Potenza for allegedly violating the Penal Law § 240.20(1), relating to disorderly conduct.

36) On January 16, 2004, Gonzales seized, searched, and detained Potenza.

37) On January 16, 2004, Gonzales issued an appearance ticket to Potenza, charging Potenza with violating the Penal Law, § 240.20(1), relating to disorderly conduct.

38) On January 16, 2004, Gonzales filed an accusatory instrument charging Potenza with violating the Penal Law, § 240.20(1), relating to disorderly conduct.

MALICIOUS PROSECUTION: ELEMENT TWO: THE PROCEEDING WAS TERMINATED IN POTENZA'S FAVOR.

39) On June 3, 2004, the Ithaca City Court entered a Decision and Judgment dismissing the charge filed by Gonzales against Potenza.

MALICIOUS PROSECUTION: ELEMENT THREE: GONZALES DID NOT HAVE PROBABLE CAUSE FOR THE CRIMINAL PROCEEDING.

40) It was objectively unreasonable for Gonzales to believe that his conduct did not violate Potenza's rights because a reasonable police officer in Gonzales's position would understand that his arrest of Potenza was unlawful.

MALICIOUS PROSECUTION: ELEMENT FOUR: GONZALES COMMENCED THE CRIMINAL PROCEEDING AGAINST POTENZA WITH MALICE.

41) New York law "does not require a plaintiff to prove that the defendant was motivated by spite or hatred, ... [r]ather, it means that the defendant must have commenced the prior criminal proceeding due to a wrong or improper motive, something other than a desire to see the ends of justice served." *Nardelli v. Stamberg*, 44 N.Y.2d 500, 502-03 (1978) (quoted in *Rounseville v. Zahl*, 13 F.3d 625, 630 (2d Cir. 1994)).

42) Gonzales had an ulterior motive of suppressing and thwarting legal conduct, which Gonzales found to be objectionable.

43) Alternatively, Gonzales acted with "a reckless or grossly negligent disregard of the plaintiff's rights." *Hernandez v. State*, 228 A.D.2d 902, 904 (3d Dep't 1996); Boose, 71 A.D.2d at 70).

MALICIOUS PROSECUTION: ELEMENT FIVE: A POST-ARRAIGNMENT DEPRIVATION OF LIBERTY

44) A "plaintiff asserting a Fourth Amendment malicious prosecution claim under § 1983 must ... show some deprivation of liberty consistent with the concept of 'seizure,'" in order "to ensure that the § 1983 plaintiff has suffered a harm of constitutional proportions." *Singer v. Fulton County Sheriff*, 63 F.3d 110, 116 (2d Cir. 1995), cert. denied, 517 U.S. 1189 (1996); accord *Kinzer v. Jackson*, 316 F.3d 139, 143 (2d Cir. 2003).

45) Being required to appear in court, or to remain in New York State while charges are pending (which is generally required of criminal defendants released on their own recognizance, see *Rohman v. New York City Transit Auth.*, 215 F.3d 208, 216-18 (2d Cir. 2000)(citing N.Y. Crim. Proc. L. § 510.40)), is ordinarily sufficient to establish this element. *Murphy v. Lynn*, 118 F.3d 938, 946 (2d Cir. 1997) (requiring accused citizen to make periodic court appearances constitutes "seizure" under the Fourth Amendment), cert. denied, 522 U.S. 1115 1998).

46) Potenza was required to appear in Ithaca City Court and was required, as a condition of his post-arraignment release, to remain in the State of New York while the charge against him was pending.

DAMAGES

47) Gonzales violated Potenza's constitutional right to be free from malicious prosecution, as guaranteed by the Fourth Amendment of the United States Constitution.

48) Gonzales violated 42 U.S.C. § 1983 by violating Potenza's constitutional right to be free from malicious prosecution, as guaranteed by the Fourth Amendment of the United States Constitution.

49) Gonzales caused Potenza to incur special damages, including but not limited to; past and future attorney fees; past and future loss of income; past and future loss of earning capacity.

50) Gonzales caused Potenza to incur general damages, including but not limited past and future mental and physical pain and suffering.

51) Gonzales acting maliciously and wantonly, with the intent to injure Potenza, in committing the acts described in this complaint, warranting the imposition of punitive damages.

Wherefore, Anthony Potenza demands judgment against Daniel Gonzales in an amount in excess of the jurisdictional limitations of this court for mandatory arbitration, plus attorney fees, interest, costs, and punitive damages.

COUNT THREE
POTENZA V. GONZALES
SECTION 1983 CLAIM: DEPRIVATION OF 4TH AMENDMENT RIGHT TO BE FREE FROM ABUSE OF PROCESS

SECTION 1983, ELEMENT ONE: GONZALES ACTED UNDER COLOR OF LAW

52) All of the allegations of the complaint are incorporated.

53) By virtue of Gonzales's appointment and employment as a police officer with Cornell, Gonzales is a "police officer" as that term is defined in CPL § 1.20(34)(d). As a police officer, Gonzales, when arresting Potenza, acted under color of law by using the authority invested in him by virtue of his appointment and by using the arrest procedures, appearance ticket procedures, and preliminary arraignment procedures set forth in CPL § 150.20, which procedures are only available to police officers.

SECTION 1983, ELEMENT TWO: GONZALES'S ACTIONS DEPRIVED POTENZA OF THE FOURTH AMENDMENT RIGHT TO BE FREE FROM ABUSE OF PROCESS.

54) Potenza has a clearly established right not to be the subject of abuse of process. *See Cook v. Sheldon*, 41 F.3d 73 (2d Cir. 12/02/1994); *Soares v. State of Connecticut*, 8 F.3d 917, 920 (2d Cir. 1993).

55) The New York common law tort of abuse of process supports a claim against police under section 1983 because it violates the Fourth Amendment. *See Posr v. Doherty*, 944 F.2d 91, 97, 98 (2d Cir. 1991).

56) Liability for abuse of process gives rise to liability under 42 U.S.C. § 1983. *See Cook v. Sheldon*, 41 F.3d 73, 77-79 (1994).

ABUSE OF PROCESS: ELEMENT ONE: GONZALES EMPLOYED REGULARLY ISSUED LEGAL PROCESS TO COMPEL PERFORMANCE OR FORBEARANCE OF SOME ACT.

57) On January 16, 2004, Gonzales affirmatively instigated or procured the arrest of Potenza for allegedly violating the Penal Law § 240.20(1), relating to disorderly conduct, by issuing to Potenza an Appearance Ticket, requiring Potenza to appear at Ithaca City Court.

58) On January 16, 2004, Gonzales seized, searched, and detained Potenza.

59) On January 16, 2004, Gonzales issued an appearance ticket to Potenza, charging Potenza with violating the Penal Law, § 240.20(1), relating to disorderly conduct.

60) On January 16, 2004, Gonzales filed an accusatory instrument charging Potenza with violating the Penal Law, § 240.20(1), relating to disorderly conduct.

ABUSE OF PROCESS: ELEMENT TWO: GONZALES EMPLOYED REGULARLY ISSUED LEGAL PROCESS TO COMPEL PERFORMANCE OR FORBEARANCE OF SOME ACT WITH INTENT TO DO HARM WITHOUT EXCUSE OR JUSTIFICATION.

61) Gonzales intended to harm Potenza by arresting Potenza without probable cause and without excuse or justification based upon the Gonzales's mistaken belief that Potenza was engaging in conduct that Gonzales personally believed to be offensive and repugnant, but which conduct was legal.

ABUSE OF PROCESS: ELEMENT THREE: GONZALES EMPLOYED REGULARLY ISSUED LEGAL PROCESS TO COMPEL PERFORMANCE OR FORBEARANCE OF SOME ACT WITH INTENT TO DO HARM WITHOUT EXCUSE OR JUSTIFICATION IN ORDER TO OBTAIN A COLLATERAL OBJECTIVE THAT IS OUTSIDE THE LEGITIMATE ENDS OF THE PROCESS.

62) Gonzales had an ulterior motive of suppressing and thwarting legal conduct, which Gonzales found to be objectionable.

63) The collateral objective, which is outside the legitimate ends of process, sought by Gonzales was the suppression or elimination of legal conduct by adult individuals in Lynah Rink, which conduct Gonzales found to be personally offensive and repugnant.

DAMAGES

64) Gonzales violated Potenza's constitutional right to be free from abuse of process, as guaranteed by the Fourth Amendment of the United States Constitution.

65) Gonzales violated 42 U.S.C. § 1983 by violating Potenza's constitutional right to be free from abuse of process, as guaranteed by the Fourth Amendment of the United States Constitution.

66) Gonzales caused Potenza to incur special damages, including but not limited to past and future attorney fees; past and future loss of income; past and future loss of earning capacity.

67) Gonzales caused Potenza to incur general damages, including but not limited past and future mental and physical pain and suffering.

68) Gonzales acting maliciously and wantonly, with the intent to injure Potenza, in committing the acts described in this complaint, warranting the imposition of punitive damages. Wherefore, Anthony Potenza demands judgment against Daniel Gonzales in an amount in excess of the jurisdictional limitations of this court for mandatory arbitration, plus attorney fees, interest, costs, and punitive damages.

| Wiggins, Kopko & Crane, LLP<br>/S/ Edward E. Kopko<br><br>_____<br>Edward E. Kopko, Atty. for Plaintiff<br>Bar Roll No. 510874<br>Friday, March 09, 2007 | Guttman & Wallace<br>/s/ Richard M. Wallace<br><br>_____<br>Richard M. Wallace, Esq.<br>Bar Roll No. 301275 |