UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
++++++++++++++++++++++++++++++++++++++++++++++++++++

**Anthony N. Potenza,**
                        **Plaintiff,**

                  **-v-**                                **5:07-CV-225 (NAM/GHL)**

**Daniel Gonzales,**
                        **Defendant.**

++++++++++++++++++++++++++++++++++++++++++++++++++++

**Gregory D. Reynolds,**
                        **Plaintiff,**

                    **-v-**                                **5:07-CV-226 (NAM/GHL)**

**Daniel Gonzales,**
                        **Defendant.**

++++++++++++++++++++++++++++++++++++++++++++++++++++

APPEARANCES:

Wiggins, Kopko & Crane, LLP
Edward E. Kopko, Esq., of counsel
308 North Tioga Street
Ithaca, New York 14850
and
Guttman & Wallace
Richard M. Wallace, Esq., of counsel
411 North Tioga Street
Ithaca, New York 14850
Attorneys for Plaintiff

Office of University Counsel, Cornell University
Nelson E. Roth, Esq., of counsel
Norma Weatherly Schwab, Esq., of counsel
Valerie L. Dorn, Esq., of counsel
Wendy E. Tarlow, Esq., of counsel
300 CCC Building
Garden Avenue
Ithaca, New York 14853
Attorneys for Defendant

**Hon. Norman A. Mordue, Chief U.S. District Judge:**

**MEMORANDUM-DECISION AND ORDER**

In these actions under 42 U.S.C. § 1983, plaintiffs claim that defendant Daniel Gonzalez,[1] a police officer employed by Cornell University ("Cornell"), violated their Fourth Amendment rights to be free from false arrest, malicious prosecution, and abuse of process. The claims stem from Gonzalez' arrest of plaintiffs for disorderly conduct outside the Lynah Rink at Cornell at the beginning of an ice hockey game on January 16, 2004, and the ensuing prosecution in Ithaca City Court. On June 3, 2004, Ithaca City Judge Judith A. Rossiter found plaintiffs "not guilty of Disorderly conduct as charged."

Presently before the Court are motions in both cases (Case No. 5:07-CV-225, Dkt. Nos. 35, 36; Case No. 5:07-CV-226, Dkt. Nos. 35, 36) for sanctions stemming from the disappearance of a videotape taken during the interview of plaintiff Gregory D. Reynolds by Cornell police approximately an hour after Reynolds' arrest. United States Magistrate Judge George H. Lowe has issued a Report and Recommendation (Dkt. No. 43) recommending that defendant Gonzalez' motions for sanctions (Case No. 5:07-CV-225, Dkt. No. 35; Case No. 5:07-CV-226, Dkt. No. 35) be granted and an adverse inference instruction be given in his favor. Magistrate Judge Lowe further recommends that plaintiffs' motions for sanctions (Case No. 5:07-CV-225, Dkt. No. 36; Case No. 5:07-CV-226, Dkt. No. 36) be denied.

Plaintiffs filed an objection (Dkt. No. 44); accordingly, this Court conducts a *de novo* review. 28 U.S.C. § 636(b)(1)(C). Upon *de novo* review, the Court accepts and adopts the Report and Recommendation in its entirety.

It is undisputed that a copy of the videotape was provided to plaintiffs' attorney Richard

---

[1] Defendant affirms that the correct spelling of his name is Gonzalez, not Gonzales as it is spelled in the captions of the complaints.

M. Wallace, Esq. in 2004 in connection with the disorderly conduct charges and that Wallace still had it in his possession after plaintiff Reynolds had discussed with him his intention to sue defendant. Wallace now affirms that he is unable to find the tape and "cannot explain its disappearance."

Cornell acknowledges that its police evidence custodian destroyed the original tape on February 5, 2007, pursuant to standard practice. Even if plaintiffs were able to show that Cornell acted improperly in some manner, Cornell is not a defendant in this action. It is undisputed that defendant Gonzalez had no access to the videotape once it was secured in the Cornell police evidence room the night of the arrests, no role in maintaining the videotape, and no role in destroying it.

The Court agrees with Magistrate Judge Lowe that, on this record, defendant is entitled to an adverse inference instruction in his favor. The Court further agrees that there is no basis to sanction defendant.

It is therefore

ORDERED in *Potenza v. Gonzales*, Case No. 5:07-CV-225, as follows:

- the Report and Recommendation (Dkt. No. 43) is adopted and accepted in its entirety;

- the defendant's motion (Dkt. No. 35) for sanctions is granted and an adverse inference instruction shall be given in his favor; and

- plaintiff's motion for sanctions (Dkt. No. 36) is denied;

and it is further

ORDERED in *Reynolds v. Gonzales*, Case No. 5:07-CV-226, as follows:

- the Report and Recommendation (Dkt. No. 43) is adopted and accepted in its entirety;

- the defendant's motion (Dkt. No. 35) for sanctions is granted and an adverse inference instruction shall be given in his favor; and

- plaintiff's motion for sanctions (Dkt. No. 36) is denied; and it is further

ORDERED that all dispositive motions shall be filed on or before April 7, 2010. No extensions to be considered without good cause shown.

IT IS SO ORDERED.

March 8, 2010
Syracuse, New York

_____
Norman A. Mordue
Chief United States District Court Judge