UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ANTHONY N. POTENZA,

                             Plaintiff,

        v.                                   5:07-cv-225

DANIEL GONZALES,

                             Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

GREGORY D. REYNOLDS,

                             Plaintiff,

        v.                                   5:07-cv-0226

DANIEL GONZALES,

                             Defendant

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## **DECISION and ORDER**

Plaintiffs commenced the instant actions pursuant to 42 U.S.C. § 1983 seeking damages for alleged Fourth Amendment violations.  The Court presumes familiarity with the underlying facts of this case and the prior decisions in these cases concerning both: (1) the denial the parties' motions for summary judgment; and (2) granting of Defendant's (and denial of Plaintiffs') motions for sanctions as a result of the spoliation of the video tape. Presently before the Court is Plaintiff Potenza's motion to sever his trial from that of Plaintiff Reynolds on the ground that the lost videotape only depicted Reynolds and, therefore, a trial

together with Reynolds in which the jury is given an adverse inference instruction would unduly prejudice him (Potenza).

For the following reasons, the motion is DENIED.  First, given the overwhelming commonality of facts and law, the Court finds that a joint trial would promote judicial economy and is unlikely to cause any confusion or prejudice that would outweigh efficiency concerns. See Fed. R. Civ. P. 42(a)(1).  Second, Defendant moved for sanctions against both Plaintiffs.[1]  Judge Mordue granted the motion as against both Plaintiffs.[2]  Granting Plaintiff Potenza's motion to sever would permit an end run around Judge Mordue's March 8, 2010 Decision and Order in each case.  Third, assuming *arguendo* an adverse inference charge is not appropriate as to Plaintiff Potenza, a curative instruction could be given to the jury.  A jury could, if necessary, consider an adverse inference charge as to one Plaintiff but not the other.  Thus, a separate trial would not be necessary.

For the foregoing reasons, Plaintiff Potenza's motion to sever (Dkt. No. 57 in case 07-cv-225) is DENIED and these matters shall be tried jointly.

IT IS SO ORDERED.

Dated:November 19, 2010

Thomas J. McAvoy
Senior, U.S. District Judge

---

[1] Defendant filed a sanctions motion in each of the above-referenced cases.

[2] Judge Mordue's order was filed in each of the above-referenced cases.