# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

ANTHONY POTENZA, PLAINTIFF

ATTORNEYS FOR PLAINTIFF:
Richard M. Wallace, Northern Dist. No. 301275
Guttman & Wallace
411 North Tioga Street, Cornell, New York 14850
Telephone 607-272-2102  Telecopy 607-272-2350

Edward E. Kopko, Northern Dist. No. 510874
308 N. Tioga St., 2nd Floor, Ithaca, New York 14850
Telephone 607-269-1300 Telecopy 607-269-1301
eek@kopkolaw.com

V.

DANIEL GONZALEZ, DEFENDANT

**JURY TRIAL DEMANDED**

**CV-05:07-CV-225**

## POTENZA'S OBJECTIONS TO DEFENDANT'S REQUEST FOR BILL OF COSTS

### AND

### MOTION FOR ATTORNEY FEES

1. Potenza objects to the Bill of Costs filed by Gonzales because Gonzales did not "actually incur" the costs as required by Local Rule 54.1, Fed.R.Civ.P. 54, and 28 U.S.C. § 1920.

2. Additionally, issuance of the bill would impose a significant and inequitable hardship on Potenza.

3. In this entire litigation, Cornell University represented Gonzales, providing counsel and paying costs, as established by the receipt attached to the Bill of Costs and verified by Atty. Nelson Roth:

1

```
            Verbatim Court Reporting Service, Inc.
                      224 William Street
                      Elmira, NY  14901
                       (607) 733-1262




NELSON ROTH, ESQ.
OFFICE OF UNIVERSITY COUNSEL
CORNELL UNIVERSITY
315 CCC BUILDING - GARDEN AVENUE
ITHACA, NY  14850                              Inv. #
                                                12119
```

4. Based upon this receipt, Potenza believes that Gonzales did not "actually incur" any costs.

5. Based upon this receipt, Potenza believes the Atty. Nelson Roth falsely verified that Gonzales actually incurred in the costs claimed when Atty. Nelson Roth knew that Cornell University actually incurred the costs and that Cornell University is not a party to this action entitled to a bill of costs.

6. Potenza incurred attorney fees and costs in objecting to Gonzales' (Cornell University's) Bill of Costs and moves this Court for an order awarding attorney fees and costs.

I.

**ARGUMENTS AND AUTHORITIES**

A. Legal Standard for Determining Taxation of Costs

**Local Rule 54.1 Taxation of Costs.**
**(a) Procedure for Taxation in Civil Cases.**
The party entitled to recover costs shall file, within thirty (30) days after entry of judgment, a verified bill of costs on the forms that the Clerk provides. **The party seeking costs shall accompany its request with receipts indicating that the party actually incurred the costs that it seeks.** The verified bill of costs shall

include the date on which the party shall appear before the Clerk for taxation of the costs and proof of service of a copy on the party liable for the costs. Post-trial motions shall not serve to extend the time within which a party may file a verified bill of costs as provided in this Rule, except on an order extending the time. Forms for the preparation of a bill of costs are available from the Clerk's office or at the Court's webpage at "**www.nynd.uscourts.gov**."

Fed.R.Civ.P 54 states that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs-other than attorney's fees-should be allowed to the prevailing party." FED. R. CIV. P. 54(d)(1). "Thus, 'such an award against the losing party is the normal rule obtaining in civil litigation, not an exception.'" *Whitfield v. Scully*, 241 F.3d 264, 270 (2d Cir. 2001)).

Taxation of costs is governed by 28 U.S.C. § 1920, which explicitly grants "[a] judge or clerk of any court of the United States" discretion to tax costs against the losing party in any federal litigation. 28 U.S.C. § 1920. The statute enumerates six categories of expenses which may be taxed as costs: 1) fees of the court clerk and marshal; 2) fees for transcripts "necessarily obtained for use in the case;" 3) printing fees and witness fees; 4) copying fees "where the copies are necessarily obtained for use in the case;" 5) certain docket fees as enumerated in § 1923; and 6) fees of court-appointed experts and interpreters. Id. Moreover, the Supreme Court recognizes that the discretion to tax costs "should be sparingly exercised with reference to expenses not specifically allowed by statute." *Farmer v. Arabian American Oil Co.*, 379 U.S. 227, 235 (1964) (quoted *in V-Formation, Inc. v. Benetton Group Spa*, No. 01 Civ. 610 (HB), 2003 WL 21403326, (S.D.N.Y. June 17, 2003)).

Initially, "[t]he burden is on the prevailing party to establish to the court's satisfaction that the taxation of costs is justified." *John & Kathryn G. v. Bd. of Educ. of Mount Vernon Pub. Sch.*, 891 F. Supp. 122, 123 (S.D.N.Y. 1995). "After the prevailing party demonstrates the amount of its costs and that they fall within an allowable category of taxable costs, see Local Rule 54.1(a), that party enjoys a presumption that its costs will be awarded." *Patterson v. McCarron*, No. 99 Civ. 11078 (RCC), 2005 WL 735954, (S.D.N.Y. Mar. 30, 2005).

Gonzales fails to meet his burden that the costs are justified because the exhibit attached to the Bill of Costs establishes that Cornell University, not Gonzales, "actually incurred" the cost and that Atty. Roth falsely verified that Gonzales incurred the cost when Atty. Roth knew that Cornell University actually incurred the costs.

In addition, it would work an enormous hardship on Potenza to impose $606 on him. While that figure may not appear to the court or counsel for the defendant to be significant, Potenza is an organic farmer with little or no disposable income. The amount sought in costs by Gonzales, whose costs are believed to have been actually paid by Cornell University, a world class educational institution with a 4.4 billion dollar endowment, would significantly cut into Potenza's ability to pay his month to month financial obligations. Thus, Potenza respectfully requests that the court exercise its discretion to deny the bill of costs.

**CONCLUSION**

Wherefore, Potenza objects to the Bill of Costs and moves this Court for an award of attorney fees incurred in objecting to the Bill of Costs

Edward E. Kopko, Esq.
Edward E. Kopko, Lawyer, P.C.
308 N. Tioga Street, 2nd Floor
Ithaca, New York 14850
T: 607.269.1300; F: 607.269.1301
eek@kopkolaw.com
Wednesday, December 22, 2010

Certificate of Service

I, Edward E. Kopko, certify that a true and correct copy of this legal paper was served by relying solely upon the Court's ECF system on Wednesday, December 22, 2010 addressed the party or the attorney identified below, who is a registered ECF user:

Nelson E. Roth, Deputy University Counsel
Office of University Counsel
Cornell University
300 CCC Building
Garden Avenue
Ithaca, New York 14853-2601