UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ANTHONY N. POTENZA,

        Plaintiff,

  v.            5:07-cv-225

DANIEL GONZALES,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

GREGORY D. REYNOLDS,

        Plaintiff,

  v.            5:07-cv-0226

DANIEL GONZALES,

        Defendant

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

  Defendant, the prevailing party after trial, moves for costs pursuant to Fed. R. Civ. P. 54. Rule 54 creates a presumption that costs are generally awarded to the prevailing party. Whitfield v. Scully, 241 F.3d 264, 270 (2d Cir. 2001). The burden is on the non-prevailing party to overcome this presumption. Id. The ultimate determination whether to award costs is within the Court's discretion. Dattner v. Conagra Foods, Inc., 458 F.3d 98, 100 (2d Cir. 2006). Plaintiffs oppose the imposition of costs on the grounds that: (1) Defendant did not actually incur the costs because his costs were paid for by his employer,

Cornell University; and (2) the imposition of costs would impose a substantial hardship on Plaintiffs. There is no claim here that Defendant is not the prevailing party. The Court will, therefore, determine whether Plaintiff's arguments are sufficient to overcome the presumption in favor of the award of costs.

As to the first ground articulated by Plaintiffs, the Court finds that it is not necessary that Defendant have personally incurred the costs at issue. The language of Rule 54 does not limit recovery to costs incurred by the party himself. Although N.D.N.Y.L.R. 54.1(b) requires the prevailing party to provide receipts indicating that the party actually incurred the costs that it seeks, in practice, it has been required only that the party demonstrate that the costs were incurred on that party's behalf. The form offered by the Court in connection with taxation of costs requires only that the prevailing party certify that "the foregoing costs are correct and were necessarily incurred in this action and that the services for which fees have been charged were actually and necessarily performed."

There are numerous situations where the named defendant is not the party responsible for paying for the defense of the matter. This happens, for example, when the defense is paid for by an employer or an insurer. The fact that the employer was not a named party should not preclude the employer for recovering costs spent on behalf of its employee in defending that employee particularly where, as here, the conduct arises out of the employee's actions in the course of his employment. The employer actually incurred the expenses in defending its employee and, as a matter of equity, should be entitled to recover accordingly.

Courts have allowed the taxation of costs against persons who were not actually a party, but were, for all intents and purposes, active in the litigation. E.E.O.C. v. Int'l Union of

Elec., Radio & Mach. Workers, AFL-CIO, CLC, Local 758, 631 F.2d 81 (6th Cir. 1980); see also Am. State Bank v. Pace, 124 F.R.D. 641, 650-51 (D. Neb. 1987) (allowing third party defendant to recover costs against the plaintiff); Berry v. Atlantic Coast Line Ry. Co., 185 F. Supp. 699 (D. S.C. 1960).  By analogy, the same should apply to permit costs to the entity that actually incurred the expenses of the prevailing party.  Accordingly, the Court finds that Defendant is entitled to costs despite the fact that he may not have personally incurred such costs.[1]

As to the second ground asserted by Plaintiffs, indigency *per se* does not preclude an award of costs against the unsuccessful litigant.  Whitfield, 241 F.3d at 270.  The Court finds that: (1) Plaintiffs have not adequately documented their claim of indigence, see McGill v. Faulkner, 18 F.3d 456, 459 (7th Cir. 1994); and (2) denial of costs to Defendant would be in the nature of a penalty to it and Plaintiffs have made an insufficient claim of indigence or otherwise to warrant imposition of such a penalty on Defendant and deviate from the general rule awarding costs to the prevailing party.  See Rodriguez v. Whiting Farms, Inc., 360 F.3d 1180, 1190 (10th Cir. 2004).

For the foregoing reasons, and because Plaintiffs do not challenge any specific amounts of entries in Defendant's proposed bill of costs, the Clerk of the Court shall enter costs in favor of Defendant in the amount of $591.25 in case 07-cv-225 and $591.25 in case 07-cv-226.[2]

---

[1] That being said, Rule 54 may not be used as a windfall to Defendant.  Any award of costs must be paid to the person or entity that actually incurred such costs on behalf of the prevailing party.

[2] Defendant requested a total of $737.50 in each case.  In each application, $292.50 of the total amount was for the transcript of Gregory Reynolds.  The Court finds no basis for allowing recovery of the $292.50 twice and, therefore, splits the cost of that transcript evenly between the two cases.
continue...

IT IS SO ORDERED.

Dated: January 27, 2011

*Thomas J. McAvoy*
Thomas J. McAvoy
Senior, U.S. District Judge

---

[2]...continue
Accordingly, the Court subtracted $146.25 (half of the transcript cost) from each application for costs.